UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MONTE SWENSON, WILBUR PACE, NOAH PACE, CHRISTOPHER PACE, LOUISE LARGE-GURIN, and ELIZABETH KANTOR, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>VOYA RETIREMENT INSURANCE & ANNUITY COMPANY, VOYA FINANCIAL, INC., LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK, LINCOLN NATIONAL LIFE INSURANCE COMPANY, and LINCOLN NATIONAL CORP.,<br><br>　　　　Defendants. | No. 2:17-cv-00048-SAB<br><br>**ORDER GRANTING MOTION TO TRANSFER** |

Before the Court is Defendants' Motion to Transfer Under 28 U.S.C. § 1404(a), ECF No. 24. Defendants seek to transfer the case to the United States District Court for the Southern District of New York, where a related case has

**ORDER GRANTING MOTION TO TRANSFER ^ 1**

been proceeding for months. Plaintiffs have filed a response indicating that they support Defendants' motion to transfer venue. ECF No. 29.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To do so, the Court must first determine whether this action may have been brought in the Southern District of New York. *Joseph v. TrueBlue, Inc.*, No. 2:14-cv-0316-SMJ, 2014 WL 6908968, at *1 (E.D. Wash. Dec. 9, 2014). If this is the case, the Court may then consider a set of discretionary factors to determine if transfer would be convenient and fair. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Because the case alleges federal causes of action, and Defendant Lincoln NY is incorporated in New York State while Defendant Voya Financial has its principal place of business in New York, New York, this case could have been brought in that district.

The discretionary factors also cut in favor of transfer. The New York district judge has already presided over pretrial discovery and is familiar with the factual allegations at issue. *See, e.g.*, *Nypl v. JP Morgan Chase & Co.*, No. 15-cv-02290-VC, 2015 WL 9980704, at *1 (N.D. Cal. Nov. 19, 2015). And each Plaintiff has allegedly contracted with the above New York business entities, meaning that uniform contacts with New York and Plaintiffs' own contacts favor the transfer of venue.

Finally, the Court is mindful that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990). Plaintiffs and Defendants agree that hearing both cases in the same district will preserve judicial economy and limit duplicative litigation. The Court finds that the interests of justice are served by granting the motion.

**ORDER GRANTING MOTION TO TRANSFER ^ 2**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Transfer Under 28 U.S.C. § 1404(a), ECF No. 24, is **GRANTED**.

2. Any hearings set for this case are **STRUCK**.

3. The case is ordered **TRANSFERRED** to the United States District Court for the Southern District of New York. Defendants' Motion to Strike and Motion to Dismiss, ECF No. 26, shall remain pending before the Southern District of New York, and this Court makes no ruling or findings on it.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 26th day of June, 2017.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING MOTION TO TRANSFER ^ 3**